**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4158**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CORDELL BERRY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Senior District Judge. (1:05-cr-00118-FWB; 1:05-cr-00119-FWB)

---

Submitted: September 21, 2007     Decided: October 18, 2007

---

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Anthony Mark Brannon, HAIRSTON, LANE & BRANNON, PLLC, Raleigh, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cordell Berry was convicted by a jury of two counts of bank robbery, two counts of armed bank robbery, and two counts of brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 2113(a), (d) (2000). Berry was sentenced to a total term of 646 months' imprisonment. Finding no error, we affirm.

On appeal, Berry contends the district court erred in denying his motion to suppress. While Berry acknowledges he received Miranda* warnings and initially agreed to communicate with law enforcement officers, he asserts he subsequently requested counsel. Because officers continued to question him after this alleged request, Berry argues the statements should have been suppressed as violative of Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).

We review the factual findings underlying the district court's denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir. 2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Both Berry and law enforcement officers were questioned regarding the alleged request for counsel during the suppression

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

- 2 -

hearing. After hearing the testimony presented, observing the witnesses' demeanor, and weighing the witnesses' interest in the case, the district court concluded that Berry's testimony was incredible and that no request had been made for counsel. As it is not this court's province to second-guess the credibility determinations of the factfinder, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), we conclude the district court did not err in denying Berry's motion to suppress.

Berry also contends the evidence was insufficient to support his convictions. To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

The evidence presented at trial established that an individual, disguised in a hooded sweatshirt, mask, sunglasses, and gloves, robbed at gunpoint two federally insured banks in Salisbury, North Carolina. Berry admitted to law enforcement officers that he was the individual responsible for the robberies.

- 3 -

He aided officers in the preparation of written confessions and signed them.

Berry, who was unemployed, told one of his acquaintances prior to the first robbery that he intended to rob a bank. He likewise informed another acquaintance that "something big was going to go down" and that he (Berry) "was going to come into a lot of money." One of Berry's friends testified that Berry gave him approximately $400--an amount uncommon for Berry to possess--on the afternoon of the first robbery.

After the robberies, Berry wrote a letter to one witness explaining his rationale for choosing to rob a bank rather than a convenience store or private home. Berry indicated that he had already confessed and was going to take "100 percent responsibility for what [he] did." Later on, Berry wrote another letter to two of his acquaintances creating a "script" for them to follow at trial. Berry sought help from these individuals to establish his alibi and "cover all [his] angles."

The Government additionally presented the testimony of several individuals who identified the clothing worn and discarded by the robber as similar to that owned by Berry. While DNA tests did not conclusively establish that Berry had worn the clothing, he was not excluded as a contributor. Berry was seen in the vicinity of the route taken by the suspect after the second robbery. He was likewise seen later on that same day with "purple stuff" on his

hands, shirt, and pants.  It was confirmed by one of the bank tellers that a dye pack had been placed in the money given to the robber during the second robbery.  Thus, construing the facts in the light most favorable to the Government, we conclude there was overwhelming evidence to support the jury's verdict.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED